## SUCCESSION OF HARVEY ST. JOHN.

The personal property belonging to a succession should be accounted for by the adminis-
trator at the place of the domicil of the deceased person.

An administratrix of the succession of a deceased person who had been domiciliated in New
Orleans, went to Boston, and again qualified as administratrix of property belonging to
the succession there. *Held:* That the administration there was to be regarded merely
as auxiliary to the administration here, and that the administratrix was bound to account
here.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.   *S. L.
Johnson*, for appellants.   *Roselius* and *H. Lockett*, for appellees.   The
judgment of the court was pronounced by

PRESTON, J.   *Harvey St. John*, departed this life in the city of New Orleans,
in January, 1849.   His widow, *Nancy St. John*, and *Daniel Weaver*, were
appointed curators of his estate, and gave a special mortgage upon property
situated in New Orleans, to secure their faithful administration.

It appears by the inventory, that the deceased had shipped large amounts of
produce to New York and Boston, all the proceeds of which had not been
realized before his death.

*Mrs. St. John*, the curatrix, went to New York and Boston, took out letters
of administration, and collected considerable amounts due to the deceased, as
administratrix, in the States of New York and Massachusetts.   The attorney
of the absent heirs, and some of the creditors of the estate, claim that the money
collected in New York and Massachusetts shall be accounted for in New
Orleans.   This was the domicil of the deceased.   All his personal property

belonged to the place of his domicil, and his creditors have a right to look to the SUCCESSION OF ST. JOHN. administrators here for an account of it. It was their duty to have realized the proceeds of the shipments in New.Orleans, if possible.

It appears by the letters of two of the consignees of the produce, that they would have paid the administrators here, but for the administration of *Mrs. St. John* in New York and Boston. We think, with the district judge, that her administrations there are merely auxiliary to her principal administration at the domicil of her deceased husband. Story expressly lays down this principle. Conflict of Laws, sec. 513.

The courts in New York and Massachusetts would probably authorize her to distribute the funds under her administration in New Orleans, being satisfied that she had given ample security here. Surely they would do so, if it did not prejudice their domestic creditors. If they will not, she should, at least, render an account of her administration there that it might be considered by the court which gave her administration here.

An administrator might be excused from accounting for personal property abroad, when prevented from realizing its proceeds by a foreign administration, but certainly not when he procures that administration himself. A state of facts precisely similar to those before us occurred in New York, in the case of *Orcut v. Orms*, 3 Paige's Rep. 439, and the decision of the chancellor was in accordance with that of the district judge in the present case: and indeed the decision is in conformity to the general principles laid down by Judge Story in the chapter on Foreign Administrations in his treatise on the Conflict of Laws.

The district court refused to discharge the curators, or wholly to cancel the special mortgage given to secure their faithful administration, until they accounted for and showed a legal distribution of the personal property of the deceased in New York and Massachusetts, and we have no doubt under the circumstances of the correctness of his decision. It is therefore affirmed, with costs.